UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMIKO OLABINTAN,<br><br>    Plaintiff,<br><br> v.<br><br>SHURGARD STORAGE CENTERS,<br>INCORPORATED, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-04-2819 CRB (EMC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (Docket No. 34)** |

  Plaintiff Tamiko Olabintan has filed suit against Defendant Shurgard Storage Centers, Inc. for (1) retaliation in violation of public policy; (2) race discrimination in violation of FEHA; (3) sex discrimination in violation of FEHA; (4) termination in violation of public policy; and (5) failure to prevent discrimination and harassment in violation of FEHA.  Plaintiff Olabintan's motion for a protective order with respect to two subpoenas served by Defendant Shurgard came on for hearing on January 25, 2006.  Having considered the parties' briefs and accompanying submissions, and good cause appearing therefor, the Court hereby GRANTS in part and DENIES in part the motion for a protective order.

### I. FACTUAL & PROCEDURAL BACKGROUND

  On or about August 30, 2005, Shurgard served subpoenas on two different third parties.  The first was directed to the custodian of records for Dr. Kenneth Rothman, asking for "any and all insurance records, documents, reports, claims, applications, policies, medical records, benefits, explanations of benefits, billings, denials and any other records relating to Tamiko Olabintan,

regardless of date." Dr. Rothman is identified in Ms. Olabintan's interrogatory responses as her treating doctor. *See* Hilley Decl., Ex. A at 4. According to Ms. Olabintan, "Dr. Rothman is likely to have discoverable information about Plaintiff's complaints of emotional distress resulting from discriminatory treatment at work and a hostile work environment." *Id.* In her deposition, Ms. Olabintan testified that, from roughly May 2002 to September 2003, Dr. Rothman treated her for headaches, sleeplessness, and tension, all of which were attributable to Shurgard. *See id.*, Ex. C at 24-25. Dr. Rothman prescribed her medications and also referred her to counseling. *See id.* at 26-27. In her interrogatory responses, Ms. Olabintan also stated the same, claiming that, as a result of Shurgard's acts or omissions, she has suffered "headaches, fatigue, anxiety, difficulty sleeping, loss of appetite, back, shoulder, neck tension, [and] stress." *Id.* at 5.

The second subpoena was directed to the custodian of records for Public Storage, Inc., asking for "any and all, but not limited to, employment records, wage records, personnel records, attendance records, employment applications, W-2's, W-4's, resumes, payroll records, vacation schedule, sick leave, benefits, evaluqtions and any other records pertaining to the employment of Tamiko Olabintan, regardless of date." Public Storage is Ms. Olabintan's current employer. *See* Mot. at 2.

Ms. Olabintan has moved for a protective order with respect to both subpoenas.

## II.  DISCUSSION

Ms. Olabintan objects to the subpoenas served on Dr. Rothman and Public Storage on several grounds: (1) they constitute an unreasonable invasion of her privacy; (2) they are overbroad and irrelevant; and (3) they are designed simply to harass her.

The parties agree that since this case is based on diversity and alleges only California state causes of action, California law, not federal common law, governs this discovery dispute.

As to the records of Dr. Rothman, neither side disputes that the patient-physician privilege applies. Cal. Evid. Code §§ 994, 1014. The issue is whether that privilege has been waived, and if so, to what extent, because the plaintiff has put the communication at issue in this litigation. Cal. Evid. Code §§ 996, 1016. The California Supreme Court in *In re Lifschutz*, 2 Cal.3d 415, 435 (1970) has held that in light of the privacy concerns and constitutional privacy interests implicated,

the litigation waiver must be construed as a limited waiver concomitant with the purposes of the exception to the privilege, and only commentary as to those conditions which the patient-litigant has disclosed by bringing an action in which those conditions are in issue can be disclosed. The communications must be "directly relevant to those specific conditions." *Id.* The court in *Britt v. Superior Court*, 20 Cal.3d 844, 864, n.9 (1978), elaborating on *Lifschutz*, stated:

> It should be understood, of course, that insofar as a number of injuries or illnesses, some related and some unrelated to the airport operations, have contributed to a medical condition placed in issue by a plaintiff, defendant is entitled to obtain information as to all such injuries or illnesses. Thus, for example, if a plaintiff claims that the airport operations have damaged his respiratory system, plaintiff would be obliged to disclose all medical information relating to his respiratory condition and could not limit discovery simply to those airport-related incidents which have allegedly impaired his condition.[1]

In the instant case, Plaintiff, in response to an interrogatory described her injuries as headaches, fatigue, anxiety, difficulty sleeping, loss of appetite, back-shoulder-neck tension, and stress. *See* Response to Interrogatory No. 2. All documents in Dr. Rothman's file that described these symptoms, any diagnosis in regard thereto, treatment thereof, and any referrals therefor are directly relevant to her claim for general damages. They go to both magnitude and causation. Accordingly, such documents should be produced, even it they do not pertain to the workplace incidents in question. Possible alternative causes of these illnesses and symptoms should be included in the disclosure. Other illnesses and symptoms not set forth in the interrogatory response need not be produced. The time period should be limited to that which is reasonably proximate -- *i.e.*, 2000 to the present. Thus, Plaintiff's motion for protective order is granted in part and denied in part as to these medical records. Documents produced should be produced under protective order and not publicly revealed unless and until otherwise ordered by this Court or Judge Breyer.

///

///

///

---

[1] *San Diego Trolley, Inc. v. Superior Court*, 87 Cal. App. 4th 1083 (2001) is distinguishable. That case involved obtaining the medical recordsof the defendant's driver. It did not involve the situation here where the plaintiff has waived the privilege in part by bringing this suit and putting her conditions at issue.

1  As to the subpoena of Plaintiff's current employment records, Plaintiff represented to the
2  Court and counsel at the hearing that she was seeking as damages only loss wages up to the point at
3  which Plaintiff started working for Public Storage.  She is not seeking, *e.g.*, the differential in wage
4  between what she is earning at Public Storage and what she could have earned with Defendant.
5  Accordingly, given that clear representation, her current employment records are irrelevant to
6  damages.  Plaintiff's motion for protective order as to these records is granted.

8  IT IS SO ORDERED.

10  Dated: January 27, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge