United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMIKO OLABINTAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHURGARD STORAGE CENTERS, INCORPORATED, *et al.*,<br><br>　　　　Defendants.<br>_____/ | No. C-04-2819 CRB (EMC)<br><br><br><br>**ORDER RE MAY 25, 2006 JOINT LETTER**<br><br>**(Docket No. 53)** |

　　　　The parties filed a joint letter regarding discovery disputes over the following issues: (1) Defendant Shurgard Storage Centers, Inc.'s request for a third deposition of Plaintiff; (2) Plaintiff's objections to Defendant's Request for Admissions, Set No. 1; (3) Defendant's Objection to Plaintiff's Interrogatory No. 20, Set One; and (4) Defendant's objection to Plaintiff's Request for Admission No. 2, Set One.  By telephone conference call with the Court's clerk, the parties agreed to further meet and confer as to Disputes 2 and 3.  Disputes 1 and 4 were submitted to the Court.  The Court finds the matters appropriate for decision without oral argument.

### I.　　**FURTHER DEPOSITION OF PLAINTIFF**

　　　　Defendant's request for a third deposition of Plaintiff is GRANTED in part.  Rule 30(d)(2) requires the Court to allow additional time for deposition "if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination."  Here, Defendant has shown some need for further deposition resulting from, *inter alia*, clarification as to the basis of her retaliation claim and recent production of her medical

records. However, given the Plaintiff has already been deposed for two days, the additional deposition should be short. It may not exceed three hours.

## II.   DEFENDANT'S OBJECTION TO PLAINTIFF'S RFAS

Defendant objects to Plaintiff's requests for admission, set one, numbered 2, 4, 6, 7, and 8 concerning the *Shutes* class action lawsuit, on the grounds that the outcome or settlement of that lawsuit is not relevant to claims or defenses in this action. Plaintiff's retaliation claim is based on her allegation that Defendant retaliated because Plaintiff was expected to discourage a subordinate employee in her district from litigating the class action. Conceivably the strength or merits of that litigation has relevance to her retaliation claim. Moreover, responding to these requests is simple and imposes no burden on Defendant. Defendant's relevance objection is OVERRULED, and Defendant shall supplement its responses to the aforementioned requests for admissions within 10 calendar days of this Order.

## III.   OTHER DISPUTES

The parties shall file by June 22, 2006 a joint letter to update the Court on their meet and confer regarding Dispute No. 2, Plaintiff's Objections to Defendant's Request for Admission concerning the transcript of the Labor Commissioner hearing; and Dispute No. 3, Defendant's Objection to Plaintiff's Interrogatory concerning qualifications. Should the joint letter indicate whether either dispute requires a ruling by the Court, the Court will deem the matter submitted by the May 25, 2006 joint letter. The Court reserves the authority to order a further meet and confer.

IT IS SO ORDERED.

Dated: June 12, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge

2